**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

OSVIEL DELIZ,

Plaintiff,

v. CASE NO.:

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.
and TRANS UNION LLC,

Defendants.
_______________________________________/

# COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, OSVIEL DELIZ (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and TRANS UNION LLC (hereinafter "Trans Union") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, the FCRA demands that each agency conduct a reasonable investigation of the consumer's dispute and correct or delete information it learns to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION AND VENUE**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County in the State of Florida; Defendants transact business within this District; and the violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its

registered agent, C T Corporation System, located at 1200 South Pine Island Rd, Plantation, Florida 33324.

14. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

15. Experian disburses such consumer reports to third parties under contract for monetary compensation.

16. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

18. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

19. Plaintiff financed the purchase of a vehicle pursuant to a Retail Installment Sale Contract, under which Plaintiff agreed to make 84 monthly payments of $896.48.

20. The Retail Installment Sale Contract clearly and unambiguously reflects the agreed monthly payment amount of $896.48.

21. Despite the plain terms of the Retail Installment Sale Contract, Equifax, Experian and Trans Union have reported and continue to report, Plaintiff's monthly payment obligation on this account as $943.95 which is $47.47 more than the amount Plaintiff actually agreed to pay each month.

22. This is a simple accounting error: the amount being reported does not match and has never matched, the payment amount set forth in the underlying Retail Installment Sale Contract.

23. If left uncorrected over the full 84-month term of the loan, the inaccurately reported monthly payment amount overstates Plaintiff's total payment obligation by $3,987.48.

24. The inflated monthly payment amount reported by Defendants overstates Plaintiff's monthly financial obligations as reflected on his credit file and misrepresents the true terms of Plaintiff's credit obligations to any third party reviewing his credit file, including prospective lenders.

25. To avoid the risk of being reported late or derogatory on an amount he never agreed to pay, Plaintiff has continued to make monthly payments in the higher, inaccurately reported amount of $943.95, rather than the contractually agreed amount of $896.48.

26. On or about June 5, 2026, Plaintiff mailed through USPS written disputes to Equifax, Experian, and Trans Union disputing the inaccurately reported monthly payment amount and enclosing a copy of the Retail Installment Sale Contract substantiating the correct, contractually agreed monthly payment of $896.48.

27. Despite Plaintiff's first dispute, Equifax, Experian, and Trans Union continued to report the inaccurate, inflated monthly payment amount on Plaintiff's credit file.

28. On or about July 7, 2026, Plaintiff mailed a second round of written disputes to Plaintiff mailed through USPS written disputes to Equifax (9589071052703992187367), Experian (9589071052703992187343), again disputing the inaccurately reported monthly payment amount and again enclosing the Retail Installment Sale Contract substantiating the correct monthly payment amount.

29. Trans Union confirmed receipt of Plaintiff's second dispute by email but did not provide results.

30. Upon information and belief, Equifax and Experian likewise received Plaintiff's second dispute.

31. Despite receiving at least two separate written disputes, each accompanied by the Retail Installment Sale Contract clearly reflecting the correct monthly payment amount, Equifax, Experian, and Trans Union have failed to correct the inaccurate monthly payment amount and continue to report Plaintiff's monthly payment obligation as $943.95 rather than the correct $896.48.

32. Equifax, Experian, and Trans Union each had in their possession, at the time of Plaintiff's disputes, the actual Retail Installment Sale Contract governing Plaintiff's account, which unambiguously reflects the correct monthly payment amount, yet each failed to reconcile the reported payment amount against that document.

33. Upon information and belief, Equifax, Experian, and Trans Union failed to conduct any independent, reasonable investigation into Plaintiff's disputes and instead continued to report the payment amount previously on file without comparing it to the documentation Plaintiff provided.

34. Plaintiff continues to suffer as of the filing of this Complaint with Equifax, Experian, and Trans Union reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate. The Defendants continue to defame Plaintiff by reporting inaccurate behavior.

35. If at any point during this process, had Equifax, Experian, and Trans Union conducted a reasonable investigation and compared the reported payment amount against the Retail Installment Sale Contract in their possession, the inaccuracy would have been identified and corrected, the results would have been different.

36. Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits.

37. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, Plaintiff's attempts to correct her credit file has resulted in fees and costs;

ii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iii. Reduction in credit score as the Defendants failed to properly investigate the disputed information;

iv. Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score;

v. Defamation as Plaintiff's information has been published to third parties including but not limited to MyFICO to calculate Plaintiff's credit score as well as to soft and promotional inquiries.

vi. Overstatement of Plaintiff's monthly and total payment obligations, exposing Plaintiff to an inflated financial obligation of $47.47 per month, totaling $3,987.48 over the life of the loan if left uncorrected;

vii. Continued financial strain from being forced to pay the higher, inaccurately reported amount each month to protect his credit standing, rather than the lower amount he agreed to pay;

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services, LLC (Negligent)**

38. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

39. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

40. Equifax allowed Plaintiff's account to be reported with a monthly payment amount that does not match the terms of the Retail Installment Sale Contract governing that account.

41. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

42. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

43. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

44. Equifax chose this course of conduct despite Plaintiff providing ample evidence, including the Retail Installment Sale Contract, substantiating the correct monthly payment amount.

45. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, an overstated monthly and total payment obligation; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension caused by an inaccurate credit file and the damages otherwise outlined in this Complaint.

46. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

a. WHEREFORE, Plaintiff, OSVIEL DELIZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services, LLC (Willful)**

48. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

49. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

50. Equifax allowed Plaintiff's account to be reported with a monthly payment amount that does not match the terms of the Retail Installment Sale Contract governing that account.

51. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

52. Equifax selects to continue reporting the inaccurate monthly payment amount rather than reconcile it against the Retail Installment Sale Contract Plaintiff provided.

53. Equifax chose this course of conduct despite Plaintiff providing ample evidence, including the Retail Installment Sale Contract, substantiating the correct monthly payment amount.

54. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, an overstated monthly and total payment obligation; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension caused by an inaccurate credit file and the damages otherwise outlined in this Complaint.

55. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

56. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, OSVIEL DELIZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT III
## Violations of 15 U.S.C. § 1681i as to Defendant, Equifax Information Services LLC (Negligent)

57. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

58. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to correct the inaccurate monthly payment amount in Plaintiff's credit file after receiving notice of the inaccuracy; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in

Plaintiff's credit file; (iv) failing to review and consider the Retail Installment Sale Contract and other relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it knew or should have known was unreliable.

59. Despite receiving at least two separate written disputes from Plaintiff, each accompanied by the Retail Installment Sale Contract substantiating the correct monthly payment amount, Equifax failed to conduct an independent, reasonable investigation into Plaintiff's disputes.

60. Plaintiff provided Equifax with the information it needed to confirm that the reported monthly payment amount was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise correct his credit file.

61. As a direct result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, an overstated monthly and total payment obligation; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension caused by an inaccurate credit file and the damages otherwise outlined in this Complaint.

62. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

63. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, OSVIEL DELIZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT IV
## Violations of 15 U.S.C. § 1681i as to Defendant, Equifax Information Services LLC (Willful)

64. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

65. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to correct the inaccurate monthly payment amount in Plaintiff's credit file after receiving notice of the inaccuracy; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider the Retail Installment Sale

Contract and other relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it knew or should have known was unreliable.

66. Despite receiving at least two separate written disputes from Plaintiff, each accompanied by the Retail Installment Sale Contract substantiating the correct monthly payment amount, Equifax failed to conduct an independent, reasonable investigation into Plaintiff's disputes.

67. Plaintiff provided Equifax with the information it needed to confirm that the reported monthly payment amount was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise correct his credit file.

68. As a direct result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, an overstated monthly and total payment obligation; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension caused by an inaccurate credit file and the damages otherwise outlined in this Complaint.

69. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

70. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, OSVIEL DELIZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Negligent)**

71. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

72. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

73. Experian allowed Plaintiff's account to be reported with a monthly payment amount that does not match the terms of the Retail Installment Sale Contract governing that account.

74. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

75. Experian chose to continue reporting the inaccurate monthly payment amount rather than reconcile it against the Retail Installment Sale Contract Plaintiff provided.

76. Experian chose this course of conduct despite Plaintiff providing ample evidence, including the Retail Installment Sale Contract, substantiating the correct monthly payment amount.

77. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, an overstated monthly and total payment obligation; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension caused by an inaccurate credit file and the damages otherwise outlined in this Complaint.

78. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

79. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, OSVIEL DELIZ, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT VI**
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Willful)**

80. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

81. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

82. Experian allowed Plaintiff's account to be reported with a monthly payment amount that does not match the terms of the Retail Installment Sale Contract governing that account.

83. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

84. Experian chose to continue reporting the inaccurate monthly payment amount rather than reconcile it against the Retail Installment Sale Contract Plaintiff provided.

85. Experian chose this course of conduct despite Plaintiff providing ample evidence, including the Retail Installment Sale Contract, substantiating the correct monthly payment amount.

86. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, an overstated monthly and total payment obligation; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension caused by an inaccurate credit file and the damages otherwise outlined in this Complaint.

87. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

88. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, OSVIEL DELIZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's

fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT VII**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

89. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

90. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to correct the inaccurate monthly payment amount in Plaintiff's credit file after receiving notice of the inaccuracy; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider the Retail Installment Sale Contract and other relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it knew or should have known was unreliable.

91. Despite receiving at least two separate written disputes from Plaintiff, each accompanied by the Retail Installment Sale Contract substantiating the correct monthly payment amount, Experian failed to conduct an independent, reasonable investigation into Plaintiff's disputes.

92. Plaintiff provided Experian with the information it needed to confirm that the reported monthly payment amount was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise correct his credit file.

93. As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, an overstated monthly and total payment obligation; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension caused by an inaccurate credit file and the damages otherwise outlined in this Complaint.

94. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

95. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, OSVIEL DELIZ, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT VIII**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

96. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

97. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to correct the inaccurate monthly payment amount in Plaintiff's credit file after receiving notice of the inaccuracy; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider the Retail Installment Sale Contract and other relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it knew or should have known was unreliable.

98. Despite receiving at least two separate written disputes from Plaintiff, each accompanied by the Retail Installment Sale Contract substantiating the correct monthly payment amount, Experian failed to conduct an independent, reasonable investigation into Plaintiff's disputes.

99. Plaintiff provided Experian with the information it needed to confirm that the reported monthly payment amount was inaccurate. Experian ignored this

information and failed to conduct a thorough investigation into his disputes or otherwise correct his credit file.

100. As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, an overstated monthly and total payment obligation; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension caused by an inaccurate credit file and the damages otherwise outlined in this Complaint.

101. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

102. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, OSVIEL DELIZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney’s fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681e(b) as to**

**Defendant, Trans Union LLC (Negligent)**

103. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

104. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

105. Trans Union allowed Plaintiff's account to be reported with a monthly payment amount that does not match the terms of the Retail Installment Sale Contract governing that account.

106. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

107. Trans Union chose to continue reporting the inaccurate monthly payment amount rather than reconcile it against the Retail Installment Sale Contract Plaintiff provided.

108. Trans Union chose this course of conduct despite Plaintiff providing ample evidence, including the Retail Installment Sale Contract, substantiating the correct monthly payment amount.

109. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, an overstated monthly and total payment obligation; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension caused by an inaccurate credit file and the damages otherwise outlined in this Complaint.

110. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

111. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, OSVIEL DELIZ, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT X**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

112. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

113. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

114. Trans Union allowed Plaintiff's account to be reported with a monthly payment amount that does not match the terms of the Retail Installment Sale Contract governing that account.

115. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

116. Trans Union chose to continue reporting the inaccurate monthly payment amount rather than reconcile it against the Retail Installment Sale Contract Plaintiff provided.

117. Trans Union chose this course of conduct despite Plaintiff providing ample evidence, including the Retail Installment Sale Contract, substantiating the correct monthly payment amount.

118. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, an overstated monthly and total payment obligation; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension

caused by an inaccurate credit file and the damages otherwise outlined in this Complaint.

119. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

120. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, OSVIEL DELIZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney’s fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT XI**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

121. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

122. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to correct the inaccurate monthly payment amount in Plaintiff's credit file after receiving notice of the inaccuracy; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain

reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider the Retail Installment Sale Contract and other relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it knew or should have known was unreliable.

123. Despite receiving at least two separate written disputes from Plaintiff, each accompanied by the Retail Installment Sale Contract substantiating the correct monthly payment amount, Trans Union failed to conduct an independent, reasonable investigation into Plaintiff's disputes.

124. Plaintiff provided Trans Union with the information it needed to confirm that the reported monthly payment amount was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise correct his credit file.

125. As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, an overstated monthly and total payment obligation; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension caused by an inaccurate credit file and the damages otherwise outlined in this Complaint.

126. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

127. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, OSVIEL DELIZ, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney’s fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT XII
**Violations of 15 U.S.C. § 1681i as to Defendant, Trans Union LLC (Willful)**

128. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

129. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to correct the inaccurate monthly payment amount in Plaintiff's credit file after receiving notice of the inaccuracy; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider the Retail Installment Sale

Contract and other relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it knew or should have known was unreliable.

130. Despite receiving at least two separate written disputes from Plaintiff, each accompanied by the Retail Installment Sale Contract substantiating the correct monthly payment amount, Trans Union failed to conduct an independent, reasonable investigation into Plaintiff's disputes.

131. Plaintiff provided Trans Union with the information it needed to confirm that the reported monthly payment amount was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise correct his credit file.

132. As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, an overstated monthly and total payment obligation; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension caused by an inaccurate credit file and the damages otherwise outlined in this Complaint.

133. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

134. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, OSVIEL DELIZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney’s fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, OSVIEL DELIZ, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC. and TRANS UNION LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 15th day of September, 2026.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III.*
Frank H. Kerney, III, Esq.
Florida Bar #: 88672
Tennessee Bar #: 035859
Cell: (813) 951-8278
Facsimile: (844) 951-3933
Primary Email:
Frank@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*